**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HOWARD BENNETT and HEATHER DILLON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| ALEJANDRO MONTALVO and LUCIO MONTALVO, | ) ) ) | Plaintiffs demand a jury trial |
| Defendants. | ) ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, Howard Bennett ("Bennett") and Heather Dillon ("Dillon"), by and through their attorneys, Levinson and Stefani, and complaining of the Defendants, Alejandro Montalvo ("Alejandro") and Lucio Montalvo ("Lucio"), state as follows:

## Venue and Jurisdiction

1.     Both Plaintiffs, Bennett and Dillon are residents and citizens of Mississippi.

2.     The Defendants, Alejandro and Lucio, are residents and citizens of Illinois.

3.     Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00.

4.     This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

**Facts Common to All Counts**

6.    On or about February 2, 2015, the Lucio, was the owner of a vehicle being driven by his agent and servant, Alejandro, in an southbound on Illinois Route 47 and turning left onto eastbound Plattville Road in Lisbon Township, Illinois.

7.    At the aforementioned time, a vehicle driven by the Bennett and also occupied by Dillon, was heading northbound on Illinois Route 47 near its intersection with Plattville Road, in Libson Township, Illinois.

8.    At the aforementioned time and place, Alejandro intended to make a left turn in front of Plaintiff's vehicle.

9.    Plaintiffs had the right of way pursuant to 625 ILCS 5/11-902.

10.   Bennett was at all relevant times herein in the exercise of all due care for his own safety.

11.   Dillon was a passenger and at all relevant times herein in the exercise of all due care for her own safety.

**COUNT I:    Negligence against Alejandro Montalvo by Howard Bennett**

12.   The Plaintiff hereby adopts and re-alleges paragraphs 1-11 as though fully set forth herein.

13.   At said time and place, it was the duty of Alejandro, to operate, maintain, and control his vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiffs.

14.   Notwithstanding the foregoing duty, Alejandro did operate, maintain, and control his vehicle in a dangerous and negligent manner in one or more of the following ways:
    a)    failed to slow or stop his vehicle when danger to the Plaintiffs was imminent;

2

b) operated his vehicle at a speed too great for conditions prevailing;

c) operated his vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

d) failed to keep a proper lookout;

e) failed to yield right of way as required by 625 ILCS 5/11-902;

f) operated his vehicle while distracted;

g) failed to react in an appropriate manner to avoid striking Plaintiff's vehicle;

h) struck the vehicle occupied by the Plaintiff; and

i) failed to properly maintain his vehicle, including but not limited to adequate brakes.

15. As direct and proximate result of one or more of the foregoing acts of negligence, the vehicle operated by Alejandro did violently collide with the vehicle occupied by the Plaintiffs, and as a result thereof, Bennett did suffer the following present and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) medical expenses;

e) loss of earnings and injury to earning capacity; and

f) disability and loss of normal life.

WHEREFORE, the Plaintiff, Howard Bennett, prays for judgment against the Defendant, Alejandro Montalvo, in an amount in excess of fifty thousand dollars ($50,000.00) and costs.

**COUNT II:    Negligence against Alejandro Montalvo by Heather Dillon**

16.    The Plaintiff hereby adopts and re-alleges paragraphs 1-11 as though fully set forth herein.

17.    At said time and place, it was the duty of Alejandro to operate, maintain, and control his vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiffs.

18.    Notwithstanding the foregoing duty, Alejandro did operate, maintain, and control his vehicle in a dangerous and negligent manner in one or more of the following ways:

    a)    failed to slow or stop his vehicle when danger to the Plaintiffs was imminent;

    b)    operated his vehicle at a speed too great for conditions prevailing;

    c)    operated his vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

    d)    failed to keep a proper lookout;

    e)    failed to yield right of way as required by 625 ILCS 5/11-902;

    f)    operated his vehicle while distracted;

    g)    failed to react in an appropriate manner to avoid striking Plaintiff's vehicle;

    h)    struck the vehicle occupied by the Plaintiff; and

    i)    failed to properly maintain his vehicle, including but not limited to adequate brakes.

19.    As direct and proximate result of one or more of the foregoing acts of negligence, the vehicle operated by Alejandro did violently collide with the vehicle occupied by the Plaintiffs, and as a result thereof, the Dillon did suffer the following present and future loss and damage:

    a)    bodily injury;

    b)    pain and suffering;

    c)    mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and

f)      disability and loss of normal life.

WHEREFORE, the Plaintiff, Heather Dillon, prays for judgment against the Defendant, Alejandro Montalvo, in an amount in excess of fifty thousand dollars ($50,000.00) and costs.

## COUNT III:    Negligence against Lucio Montalvo by Howard Bennett

20.    The Plaintiff hereby adopts and re-alleges paragraphs 1-11 as though fully set forth herein.

21.    At said time and place, it was the duty of Lucio, by and through his agent, Alejandro, to own, operate, maintain, and control his vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiffs.

22.    Notwithstanding the foregoing duty, Lucio, by and through his agent, Alejandro, did own, operate, maintain, and control his vehicle in a dangerous and negligent manner in one or more of the following ways:

a)      failed to slow or stop his vehicle when danger to the Plaintiff was imminent;

b)      operated his vehicle at a speed too great for conditions prevailing;

c)      operated her vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

d)      failed to keep a proper lookout;

e)      failed to yield right of way as required by 625 ILCS 5/11-902;

f)      operated his vehicle while distracted;

g)      failed to react in an appropriate manner to avoid striking Plaintiff's vehicle;

h)  struck the vehicle occupied by the Plaintiffs; and

i)  failed to properly maintain his vehicle, including but not limited to adequate brakes.

23.  As direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Lucio did violently collide with the vehicle occupied by the Plaintiffs, and as a result thereof, Bennett did suffer the following present and future loss and damage:

a)  bodily injury;

b)  pain and suffering;

c)  mental suffering;

d)  medical expenses;

e)  loss of earnings and injury to earning capacity; and

f)  disability and loss of normal life.

WHEREFORE, the Plaintiff, Howard Bennett, prays for judgment against the Defendant, Lucio Montalvo, in an amount in excess of fifty thousand dollars ($50,000.00) and costs.

## COUNT IV:   Negligence against Lucio Montalvo by Heather Dillon

24.  The Plaintiff hereby adopts and re-alleges paragraphs 1-11 as though fully set forth herein.

25.  At said time and place, it was the duty of Lucio, by and through his agent, Alejandro, to own, operate, maintain, and control her vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiffs.

26.  Notwithstanding the foregoing duty, Lucio, by and through his agent, Alejandro, did own, operate, maintain, and control his vehicle in a dangerous and negligent manner in one or more of the following ways:

a)  failed to slow or stop his vehicle when danger to the Plaintiff was imminent;

b)      operated his vehicle at a speed too great for conditions prevailing;

c)      operated her vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

d)      failed to keep a proper lookout;

e)      failed to yield right of way as required by 625 ILCS 5/11-902;

f)      operated his vehicle while distracted;

g)      failed to react in an appropriate manner to avoid striking Plaintiff's vehicle;

h)      struck the vehicle occupied by the Plaintiffs; and

i)      failed to properly maintain his vehicle, including but not limited to adequate brakes.

27.     As direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Lucio did violently collide with the vehicle occupied by the Plaintiffs, and as a result thereof, Dillon did suffer the following present and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and

f)      disability and loss of normal life.

WHEREFORE, the Plaintiff, Heather Dillon, prays for judgment against the Defendant, Lucio Montavalo, in an amount in excess of fifty thousand dollars ($50,000.00) and costs.

Respectfully submitted,


By:**/s/ Brett A. Manchel**
Brett A. Manchel

Levinson and Stefani
Attorneys for Plaintiff
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
(312) 376-3812
brett@levinsonstefani.com